# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COPPINS, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-193 (MTT) |
| VS. | : | |
| EDWARD H. BURNSIDE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Dr. Edward H. Burnside, Alexis E. L. Chase, Sandra Abrams, and Calvin Ramsey. Doc. 17. For the reasons set forth below, it is hereby **RECOMMENDED** that the motion be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Americans with Disabilities Act, the Civil Rights of Institutionalized Persons Act, and his rights under the Eighth and Fourteenth Amendments. Plaintiff's claims arise from the treatment of his hemorrhoid while he was confined at Men's State Prison. On review of Defendants' Motion to Dismiss, all well-pleaded facts set forth in the Complaint are accepted as true. The pertinent factual allegations of the Complaint are set forth below.

On August 5, 2008, Plaintiff Christopher Coppins was incarcerated at the Georgia Diagnostic and Classification Prison. On June 10, 2009, he underwent a colonoscopy. The colonoscopy confirmed the presence of an internal hemorrhoid. The post-operative instructions following the

colonoscopy directed Plaintiff to observe the operative site for excessive bleeding, signs of infection, or other problems, and instructed Plaintiff to go to the emergency room or an outpatient clinic should any of those problems arise.

On July 30, 2009, Plaintiff was transferred to Men's State Prison (MSP). At MSP, Plaintiff continued to experience rectal bleeding and painful bowel movements. Dr. Burnside prescribed stool softeners, suppositories, and hemorrhoidal ointment to treat the condition. Plaintiff contends that these measures are not "appropriate treatment," and has insisted that he requires surgery, contrary to Dr. Burnside's determination that surgery is not indicated for Plaintiff's condition. After filing a number of grievances contesting Dr. Burnside's choice of treatments and demanding surgery, Plaintiff filed the present lawsuit.

## DISCUSSION

The Plaintiff has failed to state a claim as against any of the above-named Defendants. To establish a constitutional violation relating to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts:

(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these requirements make clear, in the context of a lawsuit brought pursuant to 42 U.S.C. §1983, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258. Moreover, and equally important in the context of this case, a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and, as such, are not actionable.

In this case, the Plaintiff has explicitly acknowledged that he has been provided several medical treatments for his hemorrhoid and related symptoms. These treatments included a surgical diagnostic procedure (the colonoscopy) as well as treatment with medication and ointments. As such, it is apparent that his claims consist of his disagreement with the mode or method of these treatments. As was indicated above, such course of treatment claims are simply not sufficient to establish deliberate indifference. Estelle, 429 U.S. at 105; Hamm, 774 F.2d at 1576; accord Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. [ ] Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations omitted). Accordingly, the Plaintiff has failed to establish that the medical care and treatments provided Defendant Burnside were constitutionally inadequate. Moreover, and in view of the foregoing conclusion, his claims that Defendants Chase, Abrams, and Ramsey failed to intervene and improperly prevented him from exhausting his administrative remedies are also without merit.

In addition to his Eighth and Fourteenth Amendment claims, the Plaintiff alleges violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §1986, and the Civil Rights of Institutionalized Persons Act (CRIPA). To state a viable claim under the ADA, a plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability. See Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir.2001) (citing 42 U.S.C. § 12132). Here, the Plaintiff has failed to allege (1) which of his ailments he believes constitutes a disability under the ADA; (2) in what way he is a "qualified individual with a disability;" (3) how he meets the essential eligibility requirements for the receipt of the services he desires; and (4) that the denial of the benefit he seeks was by reason of Plaintiff's disability. Because he has clearly failed to sustain his burden of establishing a prima facie case of disability discrimination, the Plaintiff's claim(s) under the Americans with Disabilities Act fail.

Recovery under 42 U.S.C. §1986 is predicated on a successful conspiracy action under 42 U.S.C. §1985. Morast v. Lance, 807 F.2d 926 (11th Cir. 1987). Here, the Plaintiff has neither pled nor shown the existence of a such a conspiracy. Accordingly, his §1986 claim has no legal basis and must, therefore, be dismissed.

Finally, the Plaintiff's demand for relief or recovery under CRIPA is also without merit. This is because CRIPA simply does not provide for a private right of action. See 42 U.S.C.A. § 1997j; Tynes v. Shuler, Civ. No. 85-1796 (1985, ED Pa); Graham v. Thompson, 1988 US Dist LEXIS(R) 5537 (1988, ND Ill); McRorie v Shimoda, 795 F.2d 780 (9th Cir. 1986); Cooper v. Sumner, 672 F.Supp. 1361 (Nev. DC 1987). Consequently, and because the Plaintiff lacks standing to bring such a claim against the Defendants, his CRIPA claims must be dismissed.

Accordingly, **IT IS RECOMMENDED** that the Defendants' Motions to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of January, 2011.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge