# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Christopher COPPINS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-193 (MTT) |
| Edward BURNSIDE, *et al.,* | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Recommendation on Grant (Doc. 28) (the "Recommendation") of United States Magistrate Judge Charles H. Weigle. The Magistrate Judge, having reviewed the Defendants' Motion to Dismiss (Doc. 17) (the "Motion"), recommends granting the Motion because, by providing the Plaintiff with several medical treatments for his hemorrhoids, the Defendants were not deliberately indifferent to his serious medical needs. The Magistrate Judge also cites numerous reasons why the Plaintiff fails to establish a prima facie case of disability discrimination pursuant to the Americans with Disabilities Act. Additionally, the Magistrate Judge found that the Plaintiff is not entitled to 42 U.S.C. § 1986 remedies because he could not prevail on a 42 U.S.C. § 1985 conspiracy claim. Finally, the Magistrate Judge recommends granting the Motion because the Civil Rights of Institutionalized Persons Act does not provide a private cause of action. The Plaintiff filed an objection to the Recommendation (Doc. 36) (the "Objection"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings and conclusions of the Magistrate Judge. However, the Recommendation did not address the Plaintiff's equal protection claim that he, an African-American, did not receive the same level of care afforded to similarly situated Caucasian inmates. Plaintiffs must identify an instance in which a similarly situated individual was treated differently to prevail on an equal protection claim. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1275 (11th Cir. 2008). Here, the Plaintiff does not identify any Caucasian inmates that were similarly situated to him or specify how these alleged inmates were treated differently. Because the Plaintiff failed to identify a similarly situated Caucasian inmate that was treated differently, his equal protection claim fails.

Accordingly, for the reasons stated by the Magistrate Judge and the Plaintiff's failure to identify a similarly situated Caucasian inmate that was treated differently, the Motion is **GRANTED.**

**SO ORDERED**, this the 22nd day of March, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT